CHRISTOPHER A. CROFTS
United States Attorney
C. LEVI MARTIN, Bar # 6-3781
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003
Telephone: (307) 772-2124
Email: christopher.martin@usdoj.gov

Associate Local Counsel for Plaintiff

Mary Jo O'Neill, AZ Bar #005924 (*Pro Hac Vice* Pending)
Hillary K. Valderrama, TX Bar # 24075201 (*Pro Hac Vice* Pending)
Gina E. Carrillo, AZ Bar #030579 (*Pro Hac Vice* Pending)
William R. Hobson, AZ Bar # 006887 (*Pro Hac Vice* Pending)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email:   mary.oneill@eeoc.gov
          hillary.valderrama@eeoc.gov
          gina.carrillo@eeoc.gov
          william.hobson@eeoc.gov

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 MAY 15  PM 2 07
STEPHAN HARRIS, CLERK
CHEYENNE

15-CV-74-R

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>  Plaintiff,<br><br>  vs.<br><br>True Oil LLC, a Wyoming limited liability company; Belle Fourche Pipeline Company, a Wyoming corporation; Black Hills Trucking, Inc., a Wyoming corporation; Bridger Pipeline LLC, a Wyoming limited liability company; Butte Pipe Line Company, a Wyoming corporation; Eighty-Eight Oil LLC, a Wyoming limited liability company; Equitable Oil Purchasing Company, a Wyoming corporation; Toolpushers Supply Co., a Wyoming corporation; True Drilling LLC, | **COMPLAINT** |

a Wyoming limited liability company; True Ranches LLC, a Wyoming limited liability company,

Defendant.

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 ("EPA"), enacted as an amendment to the Fair Labor Standards Act of 1938 ("FLSA"), against the Defendants, an integrated enterprise consisting of True Oil LLC, Belle Fourche Pipeline Company, Black Hills Trucking, Inc., Bridger Pipeline LLC, Butte Pipe Line Company, Eighty-Eight Oil LLC, Equitable Oil Purchasing Company, Toolpushers Supply Co., True Drilling LLC, and True Ranches LLC (collectively referred to as "Defendants" or "True Oil"), to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. As alleged with greater particularity in the paragraphs below, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendants discriminated against their female Accounting Clerks by paying them less than at least one of their male comparators, despite performing work which was substantially equal.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the FLSA, as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the EPA, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the District of Wyoming.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the EPA and is expressly authorized to

bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendants True Oil LLC, Belle Fourche Pipeline Company, Black Hills Trucking, Inc., Bridger Pipeline LLC, Butte Pipe Line Company, Eighty-Eight Oil LLC, Equitable Oil Purchasing Company, Toolpushers Supply Co., True Drilling LLC, and True Ranches LLC have continuously been and are now doing business in the State of Wyoming and the City of Casper.

5. At all relevant times, Defendants have acted directly or indirectly as employers in relation to employees and have continuously been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all relevant times, Defendants have continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and have continuously been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprises have continuously been enterprises whose annual gross volume of sales made or business done is not less than $500,000.

7. At all relevant times, Defendants have operated as a single integrated enterprise by maintaining interrelated operations, common management, centralized control of labor relations, and common ownership or financial control. The integrated aspects of Defendants' operations include, but are not limited to, the following:

    a. Dave True and Hank True run and manage all of the entities;

b. Within the Business Division of the State of Wyoming, Secretary of State, all the entities have the same registered mailing address of P.O. Drawer 2360, Casper, Wyoming 82602;

c. All of the accounting departments operate in the same complex located in Casper, Wyoming;

d. Dwayne Parks, True Oil's controller, made decisions regarding raises and promotions for the accounting departments of all the entities;

e. The same employee handbook was distributed to employees of the entities; and

f. All of the Accounting Clerks received the same job descriptions.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all entities. Each entity participated in, approved, and/or ratified the unlawful acts and omission by the other entities complained of herein. Whenever and wherever the reference is made in this Complaint to any act by Defendants, such allegations and references mean the acts and failures to act of each entity acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, the EEOC filed a directed charge alleging violations of the EPA by Defendants (referred to therein as the "True Companies").

10. The EEOC provided Defendants with notice of the charge of discrimination.

11. The EEOC investigated the charge of discrimination and issued a determination finding reasonable cause to believe that Defendants engaged in certain unlawful employment practices identified in the determination.

- 5 -

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Even though it was not required to do so, the EEOC endeavored to eliminate the alleged unlawful employment practices by conciliation but was unable to secure a conciliation agreement acceptable to the Commission.

14. Since at least May 2010, Defendants have violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying the female Accounting Clerks lower rates than paid to the male Accounting Clerk or Clerks.

15. Since at least May 2010, Defendants have employed at least 37 individuals in the position of Accounting Clerk.

16. At all relevant times, all of the Accounting Clerks have performed substantially equal work.

17. At all relevant times, all of the Accounting Clerks have performed jobs requiring comparable skill, effort, and responsibility.

18. At all relevant times, all of the Accounting Clerks have worked under similar conditions.

19. At all relevant times, Defendants have paid, and continue to pay, the female Accounting Clerks lower rates than paid to the male Accounting Clerk or Clerks.

20. Defendants hired Kenneth Harris in September 2002, in the position of Accounting Clerk.

21. Mr. Harris took one accounting course prior to his employment with True Oil.

22. Prior to his employment with Defendants, Mr. Harris had one year experience as a para-professional for an accountant and 11 years of experience as a store manager, which included bookkeeping as one of his responsibilities.

23. In 2010, True Oil paid Mr. Harris $17.74 per hour.

24. In 2011, True Oil paid Mr. Harris $18.98 per hour.

25. In 2012, True Oil paid Mr. Harris $20.31 per hour.

26. In 2013, True Oil paid Mr. Harris $21.00 per hour.

27. For example, by contrast, True Oil hired Eileen Boyd in August 2004, in the position of Accounting Clerk, the same position held by Mr. Harris.

28. Ms. Boyd holds an Associate Degree in Accounting.

29. Prior to her employment with the Defendants, Ms. Boyd had 17 years experience working with accounts payable, accounts receivable, and other general accounting experience.

30. In 2010, True Oil hired Ms. Boyd at an hourly rate of $15.07, $2.67 less per hour than Kenneth Harris, who was performing the same job.

31. In 2011, True Oil paid Ms. Boyd $15.82 per hour, $3.45 less per hour than Mr. Harris, who was performing the same job.

32. In 2012, True Oil paid Ms. Boyd $16.93 per hour, $3.38 less per hour than Mr. Harris, who was performing the same job.

33. In 2013, True Oil paid Ms. Boyd $16.93 per hour, $4.07 less per hour than Mr. Harris, who was performing the same job.

34. True Oil hired another class member, Paula Houlberg, in December 2004, in the position of Accounting Clerk.

35. Ms. Houlberg studied accounting for 2 years after receiving her high school diploma.

36. Prior to her employment with the Defendants, Ms. Houlberg ran her own business for 10 years and also had 5 years of bookkeeping experience.

37. In 2010, True Oil paid Ms. Houlberg $16.88 per hour, $0.86 less per hour than Mr. Harris, who held the same position.

38. In 2011, True Oil paid Ms. Houlberg $17.39 per hour, $1.59 less per hour than Mr. Harris, who held the same position.

39. In 2012, True Oil paid Ms. Houlberg $17.91 per hour, $2.40 less per hour than Mr. Harris, who held the same position.

40. In 2013, True Oil paid Ms. Houlberg $17.91 per hour, $3.09 less per hour than Mr. Harris, who held the same position.

41. As a result of the acts complained of in paragraphs 14-40 above, Defendants unlawfully have withheld and are continuing to withhold the payment of wages due to the women employed as Accounting Clerk.

42. Defendants have a long history in business which has acquainted them with the obligations imposed by law with respect to state and federal statutes regulating pay to their employees.

43. In addition, at least two Defendants have been federal contractors who have signed agreements with the federal government in which they have agreed to comply with such federal statutes.

44. As a result of their long history as employers and their experience as federal contractors with attendant commitments to comply with federal law, Defendants could not have failed to comply with the requirements of the EPA without knowledge and accordingly, the unlawful practices complained of in paragraphs 14-40 above were and are willful.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in wage discrimination.

B.      Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from paying wages to employees of one sex at rates less than the rates at which they pay wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.      Grant a judgment requiring Defendants to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to a class of current and former employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to the unlawful practices complained of in paragraphs 14 through 37, and provide other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E.      Grant such further relief as this Court deems necessary and proper in the public interest.

F.      Award the EEOC its costs of this action.

RESPECTFULLY SUBMITTED this 15th day of May, 2015.

By: /s/ C. Levi Martin
C. LEVI MARTIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: (307) 772-2124
Associate Local Counsel for Plaintiff

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney
(*Pro Hac Vice* Pending)

/s/ Hillary K. Valderrama
HILLARY K. VALDERRAMA
Supervisory Trial Attorney
(*Pro Hac Vice* Pending)

/s/ Gina E. Carrillo
GINA E. CARRILLO
Trial Attorney
(*Pro Hac Vice* Pending)

/s/ William R. Hobson
WILLIAM R. HOBSON
Trial Attorney
(*Pro Hac Vice* Pending)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
(602) 640-4988

Attorneys for Plaintiff